UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Todd Vernon Sutton                        Docket Number: 04-cr-00426-MSK-01

**Petition for Issuance of a Summons for Violation of Supervised Release**

     COMES NOW, Denise Dohanic, probation officer of the court, presenting an official report upon the conduct and attitude of Todd Vernon Sutton who was placed on supervision by The Honorable Dennis W. Shedd sitting in the court at Columbia, South Carolina, on the 16th day of May, 2000, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of alcohol and drug testing and treatment as directed by the U.S. probation officer and until such time as the defendant is released by the probation officer or the Court.

**Jurisdiction of this case was transferred to the District of Colorado on October 4, 2004.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the defendant to appear at a supervised release violation hearing.

     ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 16th day of May, 2006, and ordered filed under seal and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Denise Dohanic |
| | Sr. U.S. Probation Officer |
| s/Marcia S. Krieger | |
| Marcia S. Krieger | Place: Grand Junction, Colorado |
| U.S. District Judge | |
| | Date: May 2, 2006 |

**ATTACHMENT**

Attached hereto as Exhibit A and incorporated by reference is a true copy of the Judgment in a Criminal Case signed by the defendant and United States Probation Officer Marcee Fox, District of Colorado, on June 16, 2004; and an Acknowledgment of Conditions of Supervision signed by the defendant and this writer, United States Probation Officer Denise Dohanic, District of Colorado, on November 28, 2005, acknowledging that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them.

The term of supervised release commenced on June 10, 2004.

The defendant has committed the following violations of supervised release:

1.   **FALSE STATEMENT TO THE PROBATION OFFICER:**

On February 1, 2006, the defendant stated, in response to a question by the probation officer, that he had not incurred any law enforcement contacts, when in fact, on January 27, 2006, the defendant was arrested by Eagle County, Colorado Sheriff's Department for Driving Under the Influence, Careless Driving and Failure to Present Insurance. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On February 1, 2006, an unannounced home visit was conducted. The defendant was asked if he had recently been arrested to which he responded, "no." When he was told that was not true, he indicated he was going to meet with his lawyer that afternoon and was going to ask his lawyer if he should tell me about the arrest. The defendant was advised he was in violation for failing to answer truthfully all inquires by the probation officer, in that he initially lied about his arrest.

Prior to making the above-noted home contact, this probation officer had determined that on January 27, 2006, the defendant was arrested by Eagle County, Colorado Sheriff's Department for Driving Under the Influence, Careless Driving and Failure to Present Insurance.

According to an arrest report from the Colorado State Patrol, the defendant was the driver of a vehicle that had been involved in an accident. Colorado State Patrol had been contacted about a vehicle speeding, weaving, driving erratically, and no headlights. Ten minutes after the first notification the officer received another call that the same vehicle had been in an accident. The driver of the vehicle was the defendant. When the arresting officer contacted the defendant he noticed the defendant was "very disoriented and having trouble standing up." The officer also noted the defendant "had watery, bloodshot, pinkish eyes, slow, slurred, mumbling speech, and a strong odor of an alcoholic beverage on his breath." The defendant failed the voluntary roadside maneuvers and was arrested. He initially agreed to take a breathalyser test, but once he was at the Eagle County Jail he declined.

This case is pending in Eagle County Court, Colorado, Docket No. 06T133. A motions

hearing is scheduled for June 15, 2006.  This is a misdemeanor offense which constitutes a Grade C violation of supervised release.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

The defendant submitted urine specimens on July 28, 2004, August 17, 2004, September 20, 2004, August 10, 2005, March 8, 2006 and March 13, 2006, which tested positive for cocaine, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On July 28, 2004, August 17, 2004, and September 20, 2004, the defendant submitted urine specimens at Addiction Research and Treatment Services in Denver, Colorado. These urine specimens tested positive for cocaine.  When interviewed, the defendant admitted using cocaine in July 2004 and August 2004. The defendant denied using cocaine when he tested positive in September 2004.

On August 10, 2005, the defendant submitted a urine specimen at Addiction Research and Treatment Services in Denver, Colorado which tested positive for cocaine.  When interviewed, the defendant admitted to using cocaine.

On March 8, 2006, and March 13, 2006, the defendant submitted positive urine specimens at Eagle Valley Counseling in Edwards, Colorado.  The level of cocaine for the March 8, 2006, urine specimen was 268 nanograms.  The level of cocaine for the March 13, 2006, urine specimen was 301 nanograms.

On March 23, 2006, an unannounced visit was made with the defendant at his employment site.  The defendant asked for his urine reporting level to be reduced as he had "been a good boy."  The defendant was told the results for the urine specimens for the month of March would have to be obtained.  The defendant was asked if any of the specimens would be positive and he stated, "no."

On March 27, 2006, the defendant called and said he had spoken with the treatment provider at Eagle Valley Counseling and he was told he had two positive urine specimens for cocaine. He admitted he used cocaine on March 12, 2006, but nothing since then.  He was told the specimen results indicated use on more than one occasion due to the increased nanogram levels and dates of the specimens.  The defendant stated he only used one time and had no reason to lie.